IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICAN, INC., doing business as <br> THE VICAN GROUP, <br> <br> Plaintiff, <br> <br> v. <br> <br> INCIPIO TECHNOLOGIES, INC., <br> BRAVEN, L.C., and WARREN OSBORN, <br> <br> Defendants. | § § § § § § § § § § § § | No. 3:15-CV-2720-L |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendants Incipio Technologies, Inc. and Braven, L.C.'s Motion to Compel Arbitration and Stay Lawsuit Pending Arbitration [D.E. 6]. This motion was referred by the District Court to the undersigned for proposed findings and recommendations for disposition of the motion. Order of Reference [D.E. 7]. For the following reasons, the undersigned recommends that the motion be granted.

**BACKGROUND**

This suit arises from an alleged breach of contract claim brought by Vican, Inc. ("Plaintiff") against Incipio Technologies, Inc., Braven, L.C., and Warren Osborn (collectively "Defendants") for unpaid commissions. Mot. [D.E. 6 at 1]. Defendants claim that a clause in the contract requires the use of arbitration to resolve any breaches. *Id.* [D.E. 6 at 2]. Plaintiff counters that the contract is no longer valid, and therefore, neither is the arbitration clause contained in the contract. Resp. [D.E. 8

1

at 2]. In the alternative, Plaintiff argues that Texas law supercedes some of the agreed upon terms of the contract's arbitration clause. *Id.* [D.E. 8 at 2-3].

## LEGAL STANDARD

"The primary concern of a court in construing a written contract is to ascertain the true intent of the parties as expressed in the instrument." *Velazquez v. Countrywide Home Loans Servicing, L.P.*, 660 F.3d 893, 897 (5th Cir. 2011) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995)). "When interpreting a contract, a court should examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless." *Id.* (internal quotations omitted).

In regard to arbitration clauses contained in a contract, "[a] party attempting to compel arbitration must first establish the existence of a valid arbitration agreement." *Ellis v. Schlimmer*, 337 S.W.3d 860, 861 (Tex. 2011). The party must also establish that the subject of the sought arbitration falls within the scope of the agreement. *Id.* at 862. "Once the party seeking arbitration does so, a strong presumption favoring arbitration arises, and the burden shifts to the party opposing arbitration to raise an affirmative defense to the agreement's enforcement." *Id.* at 862. Texas law is preempted when it would prevent the enforcement of an arbitration agreement that the Federal Arbitration Act ("FAA") would enforce. *Id.* When an arbitration agreement is valid, Texas law requires courts to stay proceedings and order arbitration. TEX. CIV PRAC. & REM. CODE ANN. § 171.021 ( West 2015).

## ANALYSIS

For the purposes of this motion, the Court concludes that the contract was valid between the parties. Plaintiff provides two exhibits, an email and its attachment–a proposed contract, to show that the contract containing the arbitration clause was not in effect at the time of the breach. Resp. [D.E.

8 at 1]. However, the contract itself states that one party must give thirty days written notice to properly terminate the agreement. Ex. A [D.E. 6-1 at 4]. Plaintiff does not provide any evidence that written notice, as described in the contract, was used to terminate the agreement. *See* Resp. [D.E. 8].

Next, the Court must "ascertain the true intent of the parties as expressed in the instrument" and do so in a manner that insures no clause will be rendered meaningless. *Velazquez*, 660 F.3d at 897. As discussed above, the parties appear to have a valid contract that includes an arbitration clause. Ex. A [D.E. 6-1]. Therefore, the undersigned views the arbitration clause as a meaningful part of the contract the parties intended to include in the contract. *See Velazquez*, 660 F.3d at 897. Furthermore, Defendants have shown the disputed payment of commissions falls within the scope of the arbitration clause. *See Ellis*, 337 S.W.3d at 862. Therefore, Defendants have satisfied their responsibility to establish the existence of a valid arbitration agreement. *Id.* at 862.

Because Defendants have established a strong presumption favoring arbitration, Plaintiff must raise an affirmative defense against the enforcement of the agreement. *See id.* Here, Plaintiff does not raise any such defense. *See* Resp. [D.E. 8]. Instead, Plaintiff makes conclusory statements that Defendants' "denial of the contract containing the arbitration provision precludes [Defendants] from forcing Plaintiff to arbitrate . . . [,]" and "the requested arbitration would be unconscionable." *Id*. [D.E. 8 at 3].

Alternatively, Plaintiff argues that Texas law voids the portions of the arbitration agreement that requires arbitration to occur in Utah or under the laws of that state. Resp. [D.E. 8 at 2-3]. However, the law that Plaintiff cites is preempted by federal law. *See Ellis*, 337 S.W.3d at 862; *See also Southland Corp. v. Keating*, 465 U.S. 1, 16 (1984) (holding that the FAA preempts any attempts by state legislatures to prevent the enforceability of arbitration agreements). Further, Plaintiff does

not provide any authority in its response that indicates the clause is unenforceable under federal law. *See* Resp. [D.E. 8]. Therefore, the undersigned concludes that the arbitration clause is valid and enforceable.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Defendants' Motion to Compel Arbitration and Stay Lawsuit Pending Arbitration [D.E. 6] be **GRANTED** and that the Court issue an order staying proceedings and requiring the parties to participate in arbitration according to the terms included in the contract.

**SO RECOMMENDED**, this 1st day of February, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).