IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICAN, INC., doing business as<br>THE VICAN GROUP,<br><br>Plaintiff,<br><br>v.<br><br>INCIPIO TECHNOLOGIES, INC.,<br>BRAVEN, L.C., and WARREN OSBORN,<br><br>Defendants. | § § § § § § § § § § | Civil Action No. 3:15-CV-2720-L |

## ORDER

Before the court is the Motion of Defendants Incipio Technologies, Inc. and Braven, L.C. to

Compel Arbitration and Stay Lawsuit Pending Arbitration ("Motion") (Doc. No. 6), filed August 28,

2015. The court referred the motion to Unites States Magistrate Judge Paul D. Stickney on August

31, 2015. Judge Stickney issued the Findings, Conclusions, and Recommendation of the United

States Magistrate Judge ("Report") on February 1, 2016. No party filed objections to the Report.

The Report recommends that the Motion be granted, that the parties be compelled to arbitrate

in accordance with the terms of the contract entered into on September 20, 2011 (the "Agreement"),

and that the action be stayed pending the completion of arbitration.

The court, after considering the Report, record, and applicable law, **concludes** that findings

and conclusions of the magistrate judge are correct, and they are accepted as those of the court. The

court, however, **rejects** the Report's recommendation that the action be stayed pending the

completion of arbitration.

**Order - Page 1**

The Federal Arbitration Act ("FAA") provides for a stay pending arbitration.  9 U.S.C. § 3. A court, however, may dismiss the action with prejudice, rather than stay it, when all claims are subject to arbitration.  *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration.") (citations omitted).  This is so because "[a]ny post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits by the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law." *Id* (citation omitted).  The court has reviewed the Agreement, and all claims asserted in Plaintiff's Original Petition are subject to arbitration.  Having determined that all of the issues raised by the parties must be submitted to binding arbitration, and finding no other reason to retain jurisdiction over this matter, the court, rather than stay and abate this action, **dismisses it with prejudice**. *Id*.

Accordingly, for the reasons herein stated, the court **grants** the Motion to Compel Arbitration, **denies** the Motion to Stay Lawsuit Pending Arbitration, **orders** the parties to arbitrate this action in accordance with the terms and provisions of the Agreement, and **dismisses** this action **with prejudice**.

**It is so ordered** this 19th day of February, 2016.


Sam A. Lindsay
United States District Judge


**Order - Page 2**